LYLE S. HOSODA 3964-0
KOURTNEY H. WONG 10827-0
SPENCER J. LAU 11105-0
Hosoda Law Group, AAL, ALC

Three Waterfront Plaza, Suite 499
500 Ala Moana Boulevard
Honolulu, Hawaii 96813
Telephone: (808) 524-3700
Facsimile: (808) 524-3838
Email: lsh@hosodalaw.com
khw@hosodalaw.com; sjl@hosodalaw.com

KRISTINA S. BAEHR *Pro Hac Vice*
JAMES BAEHR *Pro Hac Vice*
MARY M. NEUSEL *Pro Hac Vice*
Just Well Law, PLLC
2606 W 8th St, Unit 2
Austin, TX 78703
Telephone: (512) 994-6241
Email: kristina@well.law; jim@well.law; maggie@well.law

FREDERICK C. BAKER *Pro Hac Vice*
JAMES W. LEDLIE *Pro Hac Vice*
KRISTEN HERMIZ *Pro Hac Vice*
CYNTHIA A. SOLOMON *Pro Hac Vice*
SARA O. COUCH *Pro Hac Vice*
MOTLEY RICE LLC
28 Bridgeside Blvd.
Mt. Pleasant, SC 29464
Telephone: (843) 216-9000
Facsimile: (843) 216-9450
Email: fbaker@motleyrice.com; jledlie@motleyrice.com;
khermiz@motleyrice.com; csolomon@motleyrice.com; scouch@motleyrice.com

*Attorneys for Plaintiffs*

(case caption continued on next page)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PATRICK FEINDT, JR., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 1:22-cv-397-LEK-KJM<br>(Federal Tort Claims Act)<br><br>**PLAINTIFFS' REPONSE TO UNITED STATES' MOTION TO CONSOLIDATE [ECF NO. 277]**<br><br>HEARING DATE: April 10, 2024<br>TIME: 10:00 a.m.<br>JUDGE: Kenneth J. Mansfield<br><br>TRIAL DATE: April 29, 2024<br>JUDGE: Hon. Leslie E. Kobayashi |
| JESSICA WHALEY, AMANDA FEINDT, ELIZABETH THOMPSON-WATSON, BRIAN JESSUP, and DUSTIN WALLACE,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 1:23-cv-457-LEK-KJM<br>(Federal Tort Claims Act)<br><br>**PLAINTIFFS' REPONSE TO UNITED STATES' MOTION TO CONSOLIDATE [ECF NO. 43]**<br><br>HEARING DATE: April 10, 2024<br>TIME: 10:00 a.m.<br>JUDGE: Kenneth J. Mansfield |

| | |
|---|---|
| JACLYN HUGHES, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 1:24-cv-59-LEK-KJM<br>(FEDERAL TORT CLAIMS ACT)<br><br>**PLAINTIFFS' REPONSE TO UNITED STATES' MOTION TO CONSOLIDATE [ECF NO. 17]**<br><br>HEARING DATE: April 10, 2024<br>TIME: 10:00 a.m.<br>JUDGE: Kenneth J. Mansfield |

**PLAINTIFFS' RESPONSE TO UNITED STATES' MOTION TO CONSOLIDATE**

The Government's motion to consolidate should be denied because consolidation would only add delay and confusion—not avoid it. The Government essentially seeks a stay of the *Whaley* and *Hughes* plaintiffs' claims by placing them behind the hundreds of other claims already stayed in the *Feindt* matter. Judicial economy will be served by allowing each case to proceed towards trial without further delay. Indeed, these three cases—litigated separately and in parallel—present the opportunity for a speedier global resolution to the Red Hill claims.

**Background**

The Hosoda Law Group, Just Well Law, and Motley Rice together represent 7,500 clients who have asserted claims to the Department of the Navy under the Federal Tort Claims Act. To date, the Navy has made no offer to any of these claimants during the administrative claims process, nor offered any final disposition of any claim.

The Government now moves to consolidate three cases filed by these firms:

*Feindt v. United States*, Civil No. 22-cv-00397 (*Feindt*), the first-filed test case concerning the November 2021 Red Hill fuel crisis, was filed on behalf of civilians against the United States for contaminating their water supply and then failing to warn them that it was contaminated. Trial will proceed in just a few

weeks. The *Feindt* plaintiffs chose to proceed to trial quickly, and they chose to waive discovery and some claims along the way to allow for an earlier trial date, and, hopefully, an earlier resolution for all claims. But as of the time of this filing, the parties have been unable to come to that global resolution.

*Whaley v. United States*, Civil No. 23-cv-00457 (*Whaley*), is a case filed for five service members in 2023, who contend that they were not in the line of duty when they used water that the Government had contaminated. The Court has asserted that this case should proceed to trial like any other in the district. As the *Whaley* plaintiffs have recently conveyed to the Government, they do not intend to add additional plaintiffs to this case so that the case may in fact proceed on a typical schedule towards trial and judgment. The sooner this case is tried, the sooner the parties and Court will add additional data points towards a resolution of all claims.

*Hughes v. United States*, Civil No. 24-cv-00059-LEK-KJM (*Hughes*), is a case recently filed for more than 2,000 plaintiffs in 2024. This case was intentionally filed later, to allow the benefit of more time for discovery, development of additional claims (i.e., medical malpractice), and the opportunity for alternative strategies or experts in light of any findings in the *Feindt* matter.

**Standard**

The moving party has the burden to prove that consolidation is warranted.

*Servants of the Paraclete, Inc. v. Great American Ins. Co.,* 866 F. Supp. 1560, 1572 (D. N.M. 1994). Federal Rule of Civil Procedure 42(a) allows the Court broad discretion to consolidate actions that "involve a common question of law or fact" when doing so would "avoid unnecessary cost or delay."

**Points & Authorities**

The Government's motion fails for four reasons:

**1. Consolidation would *add* delay—not avoid it.**

*First*, consolidation will only add delay. Courts often deny motions to consolidate, even where there are common causes of action or questions of law and fact, where one case is in a more advanced litigation stage than another. *See, e.g.*, *Narvaes v. EMC Mortg. Corp.*, No. 07-00621 HG-LEK, 2009 U.S. Dist. LEXIS 38084, at *6-7 (D. Haw. Apr. 30, 2009); *Sajfr v. BBG Communs., Inc.*, No. 10-CV-2341-H (NLS), 2011 U.S. Dist. LEXIS 18599, at *5-6 (S.D. Cal. Feb. 25, 2011). Indeed, this Court declined to consolidate the Red Hill matters upon the Government's motion on April 25, 2023, precisely to allow the cases to proceed on their own schedules. *Feindt*, ECF No. 89. The same reasoning applies here, too. The *Feindt* plaintiffs are proceeding to trial in April whereas there has been no schedule set in the *Hughes* case.

Meanwhile, the *Whaley* plaintiffs already have a scheduling order, with a trial date of May 12, 2025. The Government offers no reason to upend this

schedule, and seeks to begin all over again as a consolidated case. The Government has offered no plan to expedite any additional bellwether trials in the *Feindt* matter. And several times in that case, the Government has sought to add delay.

As the Court pointed out at the scheduling conference, it cannot possibly behoove judicial economy to try only a few Red Hill plaintiffs every year.

**2. The *Whaley* case presents a different set of issues.**

*Second*, the Government has not yet asserted the *Feres* doctrine as a defense in the *Whaley* matter. The Government has not yet maintained that it is immune from suit because the *Whaley* plaintiffs were in the line of duty when the Government contaminated their water in their own homes, but the Government has stated that it *may* assert that defense. As a result, the Whaley plaintiffs will need to present additional evidence and legal argument to distinguish the *Feres* doctrine from this circumstance, and their activities from those cases where the Feres doctrine has barred claims.

This is a separate issue that could distract from the matters in the *Feindt* case—particularly on appeal. Just as the plaintiffs cannot control whether the Government asserts the defense, they also cannot control when the Government chooses to appeal any determination on this issue. As a result, this one issue has the risk of holding up resolution of hundreds—if not thousands—of other claims. And because the Government has no plan for future bellwether trials, any service

members added to the *Feindt* case would fall behind priority to those first filed. Claims of service members could be derailed by months or years.

**3. Consolidation would prejudice the *Whaley* and *Hughes* plaintiffs**.

*Third*, any effort to consolidate the cases would place the *Whaley* and *Hughes* plaintiffs behind the remaining plaintiffs in the *Feindt* case in a seemingly endless bellwether trial process. The Government essentially seeks a stay of the *Whaley* and *Hughes* plaintiffs' respective claims. They would be consolidated only to be stayed like hundreds of current *Feindt* plaintiffs. That alone counsels against consolidation. "It would make little sense to consolidate the cases only to then stay a portion of the litigation." *R.P.-K. v. Dep't of Educ*., No. 10-00436 DAE-KSC, 2011 U.S. Dist. LEXIS 161193, at *8 (D. Haw. May 9, 2011) (declining to consolidate).

The *Feindt* plaintiffs acquiesced to the bellwether process in the interest of judicial economy but did not intend to prejudice those coming behind them in future cases. Because the *Feindt* bellwether process has not resulted in a global resolution—or at least not yet—judicial economy would be served by speeding up the process and allowing more cases to proceed in parallel.

**4. Consolidation would not facilitate discovery.**

*Fourth*, and finally, consolidation would not facilitate joint discovery in this case. The Government does not contend that the *Whaley* and *Hughes* plaintiffs are

not entitled to additional discovery or additional experts—depending on the judicial findings in the *Feindt* case. And here, the *Whaley* and *Hughes* plaintiffs have already agreed to be bound by the standard consolidated discovery order issued by this Court in the other Red Hill matters. There is no further economy to be gained in terms of discovery by consolidating claims.

**Conclusion**

The *Feindt*, *Whaley*, and *Hughes* plaintiffs, therefore, respectfully ask that the Government's motion be denied.

DATED: Honolulu, Hawaii, March 20, 2024.

/s/ Lyle S. Hosoda
LYLE S. HOSODA
KOURTNEY H. WONG
SPENCER J. LAU

/s/ Kristina S. Baehr
KRISTINA S. BAEHR
JAMES BAEHR
MARY M. NEUSEL

/s/ Frederick C. Baker
FREDERICK C. BAKER
CYNTHIA A. SOLOMON
JAMES W. LEDLIE
KRISTEN HERMIZ
SARA O. COUCH

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document was filed and served on counsel of record via the U.S. District Court's CM/ECF electronic filing system.

*/s/ Kristina S. Baehr*
Kristina S. Baehr